[No. 22978–8–I.  Division One.  January 8, 1990.]

THE STATE OF WASHINGTON, *Respondent*, v. CRAIG WARREN GOSS, *Appellant.*

*Ronald J. Meltzer* and *Sinsheimer & Meltzer,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Jeanne Tweten, Deputy,* for respondent.

COLEMAN, C.J.—Craig Goss appeals from an order sentencing him within the standard sentence ranges for each offense, but ordering that the sentences be suspended and that certain conditions of his suspended sentence be served consecutively. Goss claims that under RCW 9.94A.120-(7)(a), the court may not order him to serve the conditions of his suspended sentence consecutively. We agree.

Goss was found guilty of one count of second degree statutory rape (count 1) and two counts of first degree statutory rape (counts 2 and 3) for molesting his adoptive daughter. The court found that an exceptional sentence was justified for the following reasons: (1) Goss occupied a position of trust; (2) he knew that the victim had suffered emotional and physical abuse from her natural mother; and (3) he abused the victim first when she was only 7 years old, the same year he adopted her.

The standard range for second degree statutory rape is 26 to 34 months. The standard range for first degree statutory rape is 46 to 61 months. After entering a sentence that exceeded the sentence ranges for each count, the court amended the sentence and ordered a 34–month prison term for count 1 and 61–month terms for counts 2 and 3 to run concurrently. The sentence was suspended on condition that Goss serve (1) 6 months of confinement for count 1 and 6 months of confinement for both counts 2 and 3, to run consecutively with the term for count 1, and (2) 24 months of community supervision for count 1 and 12 months of community supervision for counts 2 and 3, also to run consecutively with count 1.[1]

The issue in this appeal is whether, under the special sexual offender sentencing alternative (SSOSA) provisions of RCW 9.94A.120(7)(a), an offender may be ordered to serve conditions of a suspended sentence consecutively when the sentences themselves are to run concurrently.

The pertinent statutes are as follows:

When a person is convicted of a felony, the court shall impose punishment as provided in this section.

(1) Except as authorized in subsections (2), (5),[2] and (7) of this section, the court shall impose a sentence within the sentence range for the offense.

---

[1]The court also imposed other conditions that are not relevant to this appeal.

[2]Subsection (5) is not relevant to this discussion.

(2) The court may impose a sentence outside the standard sentence range for that offense if it finds, considering the purpose of this chapter, that there are substantial and compelling reasons justifying an exceptional sentence.

. . . .

(7) . . . .

. . . If the court determines that both the offender and the community will benefit from use of this provision, the court shall then impose a sentence within the sentence range and, if this sentence is less than six years of confinement, the court may suspend the execution of the sentence and place the offender on community supervision for up to two years. As a condition of the suspended sentence, the court may impose other sentence conditions including up to six months of confinement, not to exceed the sentence range of confinement for that offense[.]

RCW 9.94A.120(1), (2), and (7)(a).

A sexual offender may be sentenced under SSOSA if, like appellant, the offender has no prior convictions for sex offenses, he is found to be amenable to treatment, he was not convicted of rape in the first or second degree, and the court finds that the offender and the community will benefit from the use of the provision. The statute states that the court shall impose a sentence within the "sentence range."

"'Sentence range' means the sentencing court's discretionary range in imposing a nonappealable sentence." RCW 9.94A.030(25). Under RCW 9.94A.400(1)(a),

whenever a person is to be sentenced for two or more current offenses, the sentence range for each current offense shall be determined by using all other current and prior convictions as if they were prior convictions for the purpose of the offender score . . . Sentences imposed under this subsection shall be served concurrently. Consecutive sentences may only be imposed under the exceptional sentence provisions of RCW 9.94A.120 and RCW 9.94A.390(2)(e) or any other provision of RCW 9.94A.390.

Sentences ordered to be run consecutively under this provision are appealable. RCW 9.94A.120(14). Therefore, such sentences are not within the sentence range as that term is defined by statute.

Appellant argues that the court did not have discretion under SSOSA to order him to serve the conditions of his

suspended sentence consecutively, resulting in more than 6 months of confinement and 24 months of community supervision, as provided in the statute. He argues that the statute does not allow the court to apply the exceptional sentence provisions of RCW 9.94A.120(2) to the suspended sentence conditions imposed under SSOSA.

■ The issue here appears to be one of first impression. In light of the language of the statutes and the purpose of SSOSA, we find that the trial court's effort to set forth aggravating factors and to run the conditions of Goss's suspended sentence consecutively was beyond the authorization of the statute.

It is apparent that the Legislature did not intend for the exceptional sentence provisions of RCW 9.94A.120(2), which allow courts to impose sentences outside the standard sentence ranges, to apply under SSOSA. Rather, the court is to impose a sentence within the sentence range. Because courts are not allowed to impose exceptional sentences under SSOSA, the trial court could not have ordered that Goss's sentences run consecutively. It logically follows that the conditions imposed when Goss's sentence was suspended also may not run consecutively.

Furthermore, the policy behind SSOSA supports the position that the suspended sentence conditions must run concurrently. SSOSA was created because it was believed that for certain first–time sexual offenders, "requiring participation in rehabilitation programs is likely to prove effective in preventing future criminality." D. Boerner, *Sentencing in Washington* § 2.5(c) (1985). The provision was intended to be used for those offenders who had committed less serious crimes and who were thought to be amenable to treatment. RCW 9.94A.120(7)(a). The option is not to be used in the aggravated case, but rather is limited to offenders who may be considered acceptable risks. If the trial court felt that a sentence beyond the standard range was warranted, sentencing Goss under SSOSA was not appropriate in this case.

545

For the reasons stated herein, this case is remanded with instructions that the sentence conditions are to run concurrently.

GROSSE and PEKELIS, JJ., concur.