[No. 13155-2-II.   Division Two.   February 6, 1991.]

THE STATE OF WASHINGTON, *Appellant*, v. RHONDA ZIEGLER, *Respondent*.

530

*Jim R. Miller, Prosecuting Attorney,* and *Jerry R. Adair, Deputy,* for appellant.

*Kenneth G. Johnson,* for respondent.

ALEXANDER, J.—The State of Washington appeals a judgment of the Lewis County Superior Court in which that court suspended a 27–month sentence it had imposed on Rhonda Ziegler for the crime of second degree rape of a child. The State contends that the sentencing court was without authority to suspend the sentence because Ziegler was not sexually deviant. We affirm.

Rhonda Ziegler was charged in Lewis County Superior Court with second degree rape of a child. RCW 9A.44.076. The information alleged that Ziegler, "together with another," engaged in sexual intercourse with a 12–year–old child. The evidence produced at the jury trial revealed that Ziegler had talked the child into having sexual relations with Ziegler's boyfriend. The motivation for this conduct,

as testified to by a witness, was that Ziegler "had went out on [her boyfriend]" and, therefore, the boyfriend "felt he had the right to go out on her and that he was going to take somebody else to bed." The jury found Ziegler guilty of the charge.[1]

On August 31, 1989, the trial court sentenced Ziegler to 27 months in jail but it suspended the sentence pursuant to the provisions of RCW 9.94A.120(7)(a), the so-called sex offender sentencing alternative (SOSA).[2]

In entering its order, the sentencing court concluded that Ziegler had no prior criminal convictions, was amenable to treatment and that the community and Ziegler would "benefit from a sentence under RCW 9.94A.120(7)(a)." A condition of the suspended sentence was that Ziegler serve 270 days in the county jail (90 days being converted to community service) and successfully complete "any inpatient or outpatient quasi-sex offender treatment within thirty days and follow any recommendation which Trudy Hoy might make."[3]

The State appealed the judgment, arguing that the sexual offender sentencing alternative should not have been utilized by the sentencing court because Ziegler was not a sexual deviant. It contended then, as it does now, that only persons who are "amenable to treatment" for sexual deviancy may benefit from a suspended sentence as an alternative to total confinement.

---

[1]Ziegler's boyfriend was also charged with second degree rape. The charge was reduced to third degree rape and he pleaded guilty. He was sentenced to serve 8 months in the county jail.

[2]Although the parties did not address the question of the State's right to appeal the sentence, we feel constrained to point out that the State can only appeal a sentence outside the standard range. RCW 9.94A.210. We question whether a suspended sentence granted pursuant to the provisions of RCW 9.94A-.120(7) would be an exceptional sentence. However, we choose to review the issue in light of the important issue involved.

[3]Ziegler had been interviewed by Trudy Hoy, a counselor, before sentencing and the court had reviewed a copy of her report prior to the sentencing hearing.

The applicable statute is RCW 9.94A.120(7)(a). At the time of sentencing[4] it provided, as follows:

When an offender is convicted of a sex offense other than a violation of RCW 9A.44.040 or RCW 9A.44.050 and has no prior convictions for a sex offense or any other felony sexual offenses in this or any other state, the sentencing court, on its own motion or the motion of the state or the defendant, may order an examination to determine whether the defendant is amenable to treatment.

After receipt of the reports, the court shall then determine whether the offender and the community will benefit from use of this special sexual offender sentencing alternative. If the court determines that both the offender and the community will benefit from use of this provision, the court shall then impose a sentence within the sentence range and, if this sentence is less than six years of confinement, the court may suspend the execution of the sentence and place the offender on community supervision for up to two years. As a condition of the suspended sentence, the court may impose other sentence conditions including up to six months of confinement, not to exceed the sentence range of confinement for that offense, crime–related prohibitions, and requirements that the offender perform any one or more of the following:

(i) Devote time to a specific employment or occupation;

(ii) Undergo available outpatient sex offender treatment for up to two years, or inpatient sex offender treatment not to exceed the standard range of confinement for that offense. A community mental health center may not be used for such treatment unless it has an appropriate program designed for sex offender treatment;

(iii) Remain within prescribed geographical boundaries and notify the court or the community corrections officer prior to any change in the offender's address or employment;

(iv) Report as directed to the court and a community corrections officer;

(v) Pay a fine, accomplish some community service work, or any combination thereof; or

(vi) Make recoupment to the victim for the cost of any counseling required as a result of the offender's crime.

If the offender violates these sentence conditions the court may revoke the suspension and order execution of the sentence. All confinement time served during the period of community supervision shall be credited to the offender if the suspended sentence is revoked.

---

[4]RCW 9.94A.120(7)(a) was amended slightly in 1989 to be effective after July 1, 1990. The only change was to require that the offender pay all court–ordered legal financial obligations as provided in RCW 9.94A.030.

■ In our opinion, the State's understanding of the meaning of the statute is not borne out by its plain language. RCW 9.94A.120(7)(a) does not indicate, as the State contends, that only sexual deviants who are amenable to treatment for such deviance may receive a suspended sentence and treatment. Indeed, the term "sexual deviant" does not appear in the statute and it is not defined.

It is clear to us that Ziegler facially meets the criteria for the sentencing alternative that is provided for in RCW 9.94A.120(7)(a). It is conceded that Ziegler had no prior convictions for sexual offenses. Furthermore, she was examined by a therapist, Trudy Hoy, who reported to the sentencing court on Ziegler's background and indicated that while she detected no sexual deviancy on the part of Ziegler during the examination, she believed that Ziegler needed counseling to address her "past abuse and her current inappropriate thoughts and actions . . .". From this report, the sentencing court was justified in concluding that Ziegler was treatable and that the community would benefit from such treatment.

There is simply no statutory requirement that a defendant be found to be a sexual deviant before he or she may be given a suspended sentence under the sexual offender sentencing alternative. The State's argument that it is sensible to treat only sexual deviants may be a good policy argument, but the statute simply is not that limited. Indeed, treatment is not even mandatory under the statute. Treatment is merely listed as a condition of a suspended sentence which the sentencing court "may impose."

Even assuming, however, that sexual deviancy must be shown before the sexual offender sentencing alternative may be utilized, one could argue that Ziegler is a sexual deviant. As noted above, the term is not defined in the statute. Although the therapist, Ms. Hoy, reported that Ziegler did not reveal sexual deviancy during her examination, she did indicate that Ziegler currently had inappropriate thoughts and actions. Based on the facts surrounding the conviction and the therapist's description of Ziegler's

534

problems, the sentencing judge might well have concluded that Ziegler is sexually deviant. Ziegler clearly is a sexual offender and her behavior certainly deviated from the norm. It is, however, unnecessary for us to deal with that issue, which involves semantics more than law. The statute is unambiguous and it does not require a showing of sexual deviancy before the sentencing alternative can be imposed.

■■ In the final analysis, whether to employ the sexual offender sentencing alternative is a discretionary decision to be made by the trial court. *State v. Hays,* 55 Wn. App. 13, 776 P.2d 718 (1989) (citing *State v. Cunningham,* 96 Wn.2d 31, 34, 633 P.2d 886 (1981). While the sentencing court could, perhaps, have declined to suspend the sentence here, we cannot say that its decision to suspend the sentence was manifestly unreasonable or untenable.

Affirmed.

PETRICH, A.C.J., and MORGAN, J., concur.

Review denied at 116 Wn.2d 1029 (1991).