[No. 58128-2.  En Banc.  September 3, 1992.]

THE STATE OF WASHINGTON, *Respondent*, v. JACK ALLEN ONEFREY, *Appellant.*

*Mestel & Muenster,* by *John R. Muenster,* for appellant.

*Norm Maleng, Prosecuting Attorney, Theresa Fricke, Senior Prosecuting Attorney,* and *Michael E. Shaw, Deputy,* for respondent.

DURHAM, J. — Jack Onefrey appeals his standard range sentence of 36 months for indecent liberties and child molestation. He contends that the trial court incorrectly interpreted the special sex offender sentencing alternative (SSOSA), and erroneously denied him the opportunity for treatment rather than a prison term. We affirm.

Onefrey pleaded guilty to two counts of indecent liberties and one count of child molestation. Onefrey molested the child of a neighbor from 50 to 100 times between October 1985 and August 1988, beginning when she was 8 years old.

At a sentencing hearing held December 7, 1990, Onefrey requested a suspended sentence under SSOSA so that he could seek treatment. Several members of the community testified on Onefrey's behalf, and urged the court to allow him to pursue a treatment program. Because there was no report or evaluation from a therapist, sentencing was continued until April 1991.

At that hearing, Onefrey presented a redacted report of a therapist who specializes in the treatment of sex offenders. The report recommended that therapy continue on an outpatient basis, conditioned upon an extended period of probation of at least 10 years. The court noted that Onefrey would benefit from treatment, and that society would not be well served by imprisoning him. However, the court also

held that it could not order continued community supervision for the length of time required to treat Onefrey successfully under SSOSA, and so it sentenced Onefrey to a standard range prison term. Onefrey appealed directly to this court.[1]

Onefrey contends that he was eligible for the special sentencing provisions of SSOSA. He seeks a suspended sentence so that he may obtain extended outpatient treatment. RCW 9.94A.120(1) provides that: "Except as authorized in subsections (2), (5), and (7) of this section, the court shall impose a sentence within the sentence range for the offense." Subsection (5) applies to first-time offenders, but it precludes sex offenders and therefore does not apply here. Former RCW 9.94A.030(17)(a). Onefrey argues that subsection (2), the exceptional sentence provision, may be applied in conjunction with former subsection (7), SSOSA, to obtain the sentence he seeks.

■ Former RCW 9.94A.120(7)(a), SSOSA, provides as follows:[2]

> When an offender is convicted of a sex offense other than a violation of RCW 9A.44.040 or RCW 9A.44.050 [first and second degree rape] and has no prior convictions for a sex offense or any other felony sexual offenses in this or any other state, the sentencing court, on its own motion or the motion of the state or the defendant, may order an examination to determine whether the defendant is amenable to treatment.

---

[1]Although Onefrey's sentence is within the standard range, it may be appealed. RCW 9.94A.210(1) applies only to "challenges to the amount of time imposed when the time is within the standard range." *State v. Ammons*, 105 Wn.2d 175, 182, 713 P.2d 719, 718 P.2d 796, *cert. denied*, 479 U.S. 930 (1986); *see also State v. Herzog*, 112 Wn.2d 419, 423, 771 P.2d 739 (1989). Onefrey does not challenge the length of time imposed. Rather, he argues that the court erred when it interpreted SSOSA to preclude him from eligibility. The central issue involves a matter of statutory construction, not a claim that the trial court abused its discretion.

[2]There are several versions of SSOSA which might apply here. The range of possible dates for offenses covered in the charging document spans various permutations of RCW 9.94A.120(7), which has been amended several times. However, it is not necessary to decide which version of RCW 9.94A.120(7) was in effect, as the analysis here is not affected by the differences. Thus, we cite the version offered by Onefrey in his brief.

After receipt of the reports, the court shall then determine whether the offender and the community will benefit from use of this special sexual offender sentencing alternative. If the court determines that both the offender and the community will benefit from use of this provision, the court shall then impose a sentence within the sentence range and, if this sentence is less than six years of confinement, *the court may suspend the execution of the sentence and place the offender on community supervision for up to two years.* As a condition of the suspended sentence, the court may impose other sentence conditions including up to six months of confinement, not to exceed the sentence range of confinement for that offense, crime-related prohibitions, and requirements that the offender perform any one or more of the following:

. . . .

(ii) Undergo available outpatient sex offender treatment *for up to two years,* or inpatient sex offender treatment not to exceed the standard range of confinement for that offense.

(Italics ours.) The decision to employ SSOSA is entirely within the trial court's discretion. *State v. Ziegler,* 60 Wn. App. 529, 534, 803 P.2d 1355, *review denied,* 116 Wn.2d 1029 (1991).

On its face, the statute limits the time an offender may be placed on community supervision to 2 years.[3] Onefrey, however, argues that the court could impose an exceptional sentence, and thereby increase the treatment term. Authorization to impose an exceptional sentence is contained in RCW 9.94A.120(2):

The court may impose a sentence outside the standard sentence range for that offense if it finds, considering the purpose of this chapter, that there are substantial and compelling reasons justifying an exceptional sentence.

■ This court has never addressed the question presented here: whether an exceptional sentence may be imposed in

---

[3]This was amended to 3 years in 1990. Laws of 1990, ch. 3, § 705. The amendment also altered the language so that treatment is now *required* as a condition of the suspended sentence:

If this sentence is less than eight years of confinement, the court may suspend the execution of the sentence and impose the following conditions of suspension:

. . . .

(B) The court *shall* order treatment for any period up to three years in duration.

(Italics ours.) Laws of 1990, ch. 3, § 705, p. 79.

conjunction with SSOSA. However, in *State v. Goss*, 56 Wn. App. 541, 544, 784 P.2d 194 (1990), the Court of Appeals held that the trial court lacked discretion under SSOSA to order that the conditions of a suspended sentence run consecutively. The court reasoned:

> In light of the language of the statutes and the purpose of SSOSA, we find that the trial court's effort to set forth aggravating factors and to run the conditions of Goss's suspended sentence consecutively was beyond the authorization of the statute.
>
> It is apparent that the Legislature did not intend for the exceptional sentence provisions of RCW 9.94A.120(2), which allow courts to impose sentences outside the standard sentence ranges, to apply under SSOSA. Rather, the court is to impose a sentence within the sentence range. Because courts are not allowed to impose exceptional sentences under SSOSA, the trial court could not have ordered that Goss's sentences run consecutively. It logically follows that the conditions imposed when Goss's sentence was suspended also may not run consecutively.

*Goss*, at 544. Consecutive sentences generally are exceptional sentences. *State v. Batista*, 116 Wn.2d 777, 783, 808 P.2d 1141 (1991). Thus, the reasoning of *Goss* applies with equal force, and we hereby adopt it.

SSOSA explicitly states that the sentence imposed is to be within the standard range. It follows that the conditions imposed in relation to the sentence may not be exceptional. Under SSOSA, the trial court is not permitted to fashion conditions such that the length of time spent in treatment exceeds that provided for in the statutory language. *See State v. Ibanez*, 62 Wn. App. 628, 631, 815 P.2d 788 (1991).

This is in keeping with the policy behind SSOSA. As the court noted in *Goss*:

> The provision was intended to be used for those offenders who had committed less serious crimes and who were thought to be amenable to treatment. RCW 9.94A.120(7)(a). The option is not to be used in the aggravated case, but rather is limited to offenders who may be considered acceptable risks. If the trial court felt that a sentence beyond the standard range was warranted, sentencing Goss under SSOSA was not appropriate in this case.

*Goss*, at 544 (citing D. Boerner, *Sentencing in Washington* § 2.5(c) (1985)). If Onefrey could not be treated within the requisite 2 years, then he was outside the population that the Legislature intended to be eligible for SSOSA. The language of the statute limiting the term of treatment allowed is susceptible to no other interpretation.

Onefrey argues that the statute is discretionary, and that the use of the word "may" in the phrase "the court *may* suspend the execution of the sentence and place the offender on community supervision for up to two years" (italics ours) is permissive. The very language in question undermines Onefrey's argument. SSOSA is indeed discretionary — the court need not suspend the sentence at all. *See Ziegler; State v. Hays*, 55 Wn. App. 13, 16, 776 P.2d 718 (1989). But if the court does suspend the sentence under former RCW 9.94A-.120(7)(a), it may place the offender on community supervision for only 2 years.

Onefrey also contends that under *State v. Bernhard*, 108 Wn.2d 527, 741 P.2d 1 (1987), the trial court is empowered to order exceptional conditions of a sentence. There, this court upheld the trial court's order that a defendant convicted of second degree burglary be sentenced to 12 months in a drug treatment center. *Bernhard*, at 545. The court reasoned that under RCW 9.94A.120(2), the trial court is empowered to enter an exceptional sentence which applies to the conditions of the sentence, not just the duration. *Bernhard*, at 538. In *Bernhard*, however, the court was interpreting only the exceptional sentence provisions in conjunction with the overall statutory scheme of the Sentencing Reform Act of 1981. In contrast, explicit statutory language limits the possible conditions here. Indeed, the recent amendment, set forth in footnote 3, clarifies further the Legislature's intent that only those who could be treated in the limited amount of time provided were eligible for SSOSA. We decline the invitation to extend *Bernhard*.[4]

---

[4]Onefrey also argues that the "same criminal conduct" test was wrongly applied, and that his offender score should be adjusted accordingly. This argument

In accordance with the foregoing, we affirm the trial court.

DORE, C.J., and UTTER, BRACHTENBACH, DOLLIVER, ANDERSEN, SMITH, GUY, and JOHNSON, JJ., concur.

is entirely without merit. Because each count involved distinct times and places, they should not be counted as the same criminal conduct under the objective criminal intent standard. *State v. Collicott*, 118 Wn.2d 649, 669, 827 P.2d 263 (1992) (Durham, J., concurring).