# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 73913-1-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| BINH THAI TRAN, | ) | UNPUBLISHED |
| | ) | |
| Appellant. | ) | FILED: November 14, 2016 |
| | ) | |

Cox, J. – Binh Thai Tran appeals his judgment and sentence, arguing that the trial court abused its discretion in denying his request for a Special Sex Offender Sentencing Alternative (SSOSA) sentence. Because the record supports the trial court's decision that Tran was not amenable to treatment, we hold that the trial court did not abuse its discretion in denying Tran's SSOSA request. We affirm.

Tran pleaded guilty to one count of indecent liberties with the victim, J.V.T., by forcible compulsion. At the sentencing hearing, both parties advised the trial court that J.V.T. supported a SSOSA sentence. Norman Glassman, a certified sex offender treatment provider, conducted a sexual deviancy evaluation of Tran and recommended that the trial court grant Tran a SSOSA sentence. However, the Department of Corrections recommended that the court deny the request for a SSOSA sentence.

At the sentencing hearing, the trial court considered the documentary evidence together with a letter written to the court by Tran. It denied Tran's SSOSA request, determining that he was not amenable to treatment. The trial court imposed an 82 month sentence, the "high end of the standard range." It also entered its judgment in accordance with its oral decision.

Tran appeals.

## PRESERVATION OF ERROR

The State argues that Tran failed to preserve the error he now claims on appeal. We disagree.

Sentencing courts have considerable discretion under the Sentencing Reform Act[1] (SRA) to determine if an offender is eligible for an alternative sentence and whether the alternative is appropriate.[2]

A standard range sentence is generally not appealable.[3] But an offender "may always challenge" the procedure the trial court used to impose a sentence.[4] Appellate review remains available to correct legal errors or abuses of discretion in sentence determinations.[5]

---

[1] Chapter 9.94A RCW.

[2] State v. Hender, 180 Wn. App. 895, 900-01, 324 P.3d 780 (2014).

[3] RCW 9.94A.585(1); see also State v. Grayson, 154 Wn.2d 333, 338, 111 P.3d 1183 (2005).

[4] Grayson, 154 Wn.2d at 338.

[5] State v. Kinneman, 155 Wn.2d 272, 283, 119 P.3d 350 (2005).

Here, the issue at Tran's sentencing hearing was whether the trial court should grant Tran a SSOSA sentence under RCW 9.94A.670. Tran argues that the trial court made a legal error by failing to comply with RCW 9.94A.670(4). He claims the court failed to consider the victim's opinion and failed to make findings regarding her opinion under this statute. Tran's argument is reviewable.

## AMENABILITY TO TREATMENT

Tran argues that the trial court failed to comply with the SSOSA statute. We disagree.

Under the SRA, a first-time sex offender may be eligible for a suspended sentence under the SSOSA provisions. SSOSA was created on the belief that required participation in rehabilitation programs "'is likely to prove effective in preventing future criminality'" for certain first-time sexual offenders.[6]

We review for an abuse of discretion a trial court's refusal to order treatment under SSOSA.[7]

RCW 9.94A.670(2) provides the six requirements for SSOSA eligibility. These are not in dispute here.

What is at issue are the provisions of RCW 9.94A.670(4). Specifically, the question is whether the trial court properly considered certain factors stated in

---

[6] State v. Miller, 180 Wn. App. 413, 417, 325 P.3d 230 (2014) (internal quotation marks omitted) (quoting State v. Goss, 56 Wn. App. 541, 544, 784 P.2d 194 (1990)), review denied, 181 Wn.2d 1022 (2014), cert. denied, 135 S. Ct. 1555, 191 L. Ed. 2d 646 (2015).

[7] State v. Sims, 171 Wn.2d 436, 445, 256 P.3d 285 (2011).

that section of the statute. The statute provides that after the court receives the required reports following examination of the defendant:

> [T]he court shall consider whether the offender and the community will benefit from use of this alternative, consider whether the alternative is too lenient in light of the extent and circumstances of the offense, . . . *consider whether the offender is amenable to treatment*, . . . and *consider the victim's opinion whether the offender should receive a treatment disposition under this section*. The court shall give great weight to the victim's opinion whether the offender should receive *a treatment disposition* under this section. If the sentence imposed is contrary to the victim's opinion, the court shall enter written findings stating its reasons for *imposing the treatment disposition*. The fact that the offender admits to his or her offense does not, by itself, *constitute amenability to treatment*.[8]

State v. Oliva[9] is instructive. There, the State entered into a plea agreement with Jose Oliva and agreed to recommend a SSOSA sentence if Oliva was amenable to treatment.[10] Oliva met the SSOSA eligibility requirements under RCW 9.94A.670(2), and the trial court had to determine whether Oliva was amenable to treatment.[11] It concluded that Oliva was not so amenable.[12]

On appeal, Division Three of this court described some of the factors that apply to determine whether one is amenable to treatment, stating: "That is, given his background, history, social and economic circumstances, and psychological

---

[8] RCW 9.94A.670(4) (emphasis added).

[9] 117 Wn. App. 773, 779, 73 P.3d 1016 (2003).

[10] Id. at 775.

[11] Id. at 779-80.

[12] Id. at 778.

condition, could both he and the community benefit from community-based treatment under SSOSA."[13]

The question before Division Three of court was whether the record supported the trial court's decision.[14] The court affirmed the trial court's decision to deny a SSOSA sentence, concluding that the record "amply support[ed] the [trial] court's determination that SSOSA was inappropriate for Mr. Oliva, regardless of what an evaluation might have found."[15]

Here, the trial court denied Tran's SSOSA request and stated its reasoning at the sentencing hearing. The trial court did not mention J.V.T.'s opinion on whether Tran should receive a treatment disposition.

The trial court stated:

I have done a number and granted a fair amount of SSOSAs in my time when I am convinced that the defendant is amenable to treatment, that they have approached the acts that gave rise to the criminal charge with honesty, with humility, with acceptance, realizing that they have a problem, not knowing fully the extent of it but willing to deal with it in a forthright manner. In reading all of the materials that I've read, Mr. Tran, you don't come in front of me as that type of individual.[16]

The court referred to the "personality" portion of Glassman's sexual deviancy evaluation to support its determination. The court then stated that Tran committed "a horrific crime" and that it did not see "any willingness on [Tran's]

---

[13] Id. at 780.

[14] Id.

[15] Id.

[16] See Report of Proceedings (July 30, 2015) at 12.

behalf to accept responsibility for this."[17] The court further stated: "The profile that I'm being presented with is a gentleman of arrogant sense of self-worth, a talent for feigning dignity and confidence, indifference to the welfare of others, and a deceptive social manner. . . . You are a predator."[18]

The court also referred to Tran's "excuse" and stated that Tran continued abusing J.V.T. because she did not tell him to stop.[19] The court then concluded by stating: "After due consideration, sir, I don't believe that you are amenable to treatment."[20]

The trial court's determination was not an abuse of discretion. Although Glassman recommended a SSOSA sentence, his sexual deviancy evaluation, especially the portion describing Tran's personality, supports the trial court's determination that Tran is not amenable to treatment.

Tran next argues that the trial court failed to comply with the SSOSA statute because it did not enter findings regarding the victim's support for Tran's SSOSA application. He specifically argues that the trial court must enter findings when it decides not to impose "a treatment disposition." This conflicts with the statute's plain language.

---

[17] Id. at 12-13.

[18] Id. at 13.

[19] Id.

[20] Id.

When interpreting statutes, we determine the legislative intent from the statute's plain language and its context in the statutory scheme.[21]

RCW 9.94A.670(4) requires that the trial court consider, and "give great weight to the victim's opinion whether the offender should receive a treatment disposition." If the trial court imposes a sentence contrary to the victim's opinion, the trial court must "enter written findings stating its reasons for *imposing* the treatment disposition."[22]

There simply was no imposition of any treatment disposition in this case. Rather, the court determined Tran was not amenable to treatment. Thus, the victim's opinion in support of treatment is irrelevant to the requirement for entering written findings. Tran misread the statute's plain language in arguing otherwise.

Tran argues that the trial court's failure to make findings regarding J.V.T.'s opinion renders it impossible to determine whether the trial court followed the statute's directive. He cites State v. Fellers[23] to support this argument. His reliance is misplaced.

For the reasons just discussed, there is no showing that the court failed to follow the statute's directive. In any event, Fellers is distinguishable.

---

[21] State v. Conover, 183 Wn.2d 706, 711, 355 P.3d 1093 (2015).

[22] (Emphasis added.)

[23] 37 Wn. App. 613, 683 P.2d 209 (1984).

There, the statute at issue set forth required procedures for the trial court to follow for a dispositional hearing.[24] It required that the trial court state its findings of fact and enter its decision on the record. The findings shall include "the evidence relied upon by the court in reaching its decision."[25] Another statute provided the factors that the trial court must consider in the dispositional hearing.[26]

On appeal, this court concluded that the trial court failed to follow the statute's procedures.[27] This court further stated that the record was "devoid of findings or an oral decision from which we can determine whether the court properly reviewed the matters before it. Since the court did not set forth what it considered, it is impossible to ascertain whether it followed the [statute's] directives."[28]

Here, conversely, RCW 9.94A.670(4) did not require that the trial court make written findings about J.V.T's opinion. No treatment disposition was imposed. Thus, Tran mistakenly relies on Fellers.

Lastly, Tran argues that the trial court failed to consider J.V.T.'s opinion and failed to give it great weight. He bases this argument on the trial court's

---

[24] Id. at 616, 618.

[25] Id. at 616 (quoting RCW 13.40.130(4)).

[26] Id. at 618.

[27] Id.

[28] Id. at 619.

omission from its oral decision of a statement of J.V.T.'s opinion in its reasons for denying Tran's SSOSA request.

For the reasons already discussed, consideration of J.V.T.'s opinion was not relevant because there was no imposition of treatment. Thus, giving that opinion great weight was not necessary under the plain words of the statute.

## COSTS

Although neither Tran nor the State raises the issue of appellate costs in their appellate briefs, we do so sua sponte.

Under our recent opinion in State v. Sinclair, the issue of appellate costs is to be decided by the panel that renders the decision.[29] We do so here.

Shortly after the trial court entered the judgment and sentence, Tran filed a motion and declaration seeking review at public expense and appointment of an attorney.[30] The motion stated that the Snohomish County Officer of Public Defense determined Tran to be indigent.[31] The trial court granted the motion, appointing an appellate attorney under RAP 15.2.[32]

---

[29] See 192 Wn. App. 380, 385-86, 367 P.3d 612, review denied, 185 Wn.2d 1034 (2016).

[30] Motion and Declaration for Order Authorizing the Defendant to Seek Review at Public Expense and Appointing an Attorney.

[31] Id. at 2.

[32] Order Authorizing the Defendant to Seek Review at Public Expense and Appointing an Attorney on Appeal.

Under Sinclair, there is a presumption that indigency continues unless the record shows otherwise.[33] We have reviewed this record and see nothing to overcome this presumption. Accordingly, an award to the State for appellate costs is inappropriate under these circumstances.

We affirm the judgment and sentence, and deny costs to the State.

Cox, J.

WE CONCUR:

---

[33] Sinclair, 192 Wn. App. at 393.