IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 35216-1-III |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JAMES AUSTIN YANCEY, | ) | PUBLISHED OPINION |
| | ) | |
| Respondent. | ) | |

FEARING, J. — The State appeals from the sentencing court's grant of James Yancey's request of a residential drug offender alternative sentence (DOSA). We remand for further consideration by the sentencing court of the sentencing alternative.

FACTS

James Yancey sold suboxone strips, for which he held a prescription, to a confidential informant. A day later, Yancey repeated his misconduct.

PROCEDURE

The State of Washington charged James Yancey with two counts of delivering a controlled substance, each with a sentence enhancement of selling within one thousand feet of a school bus stop. Yancey pled guilty to both counts and the enhancements.

During the sentencing process, James Yancey sought a residential drug offender sentencing alternative. The State registered its opposition and argued that Yancey lacked eligibility for a residential DOSA due to a high standard range.

RCW 9.94A.525(1) states that convictions entered or sentenced on the same date as the conviction, for which the sentencing court computes the offender score, shall be deemed "other current offenses" within the meaning of RCW 9.94A.589. Therefore, Yancey accrued an offender score of only one despite pleading guilty to two counts. The standard range for each charge was twelve to twenty months. The school zone enhancement added twenty-four months to the range, raising the total standard range to thirty-six to forty-four months. Under a Washington statute, an offender loses eligibility for a residential DOSA if the midpoint of his standard range exceeds twenty-four months.

James Yancey argued before the sentencing court that a judge may waive imposition of school zone enhancements if the defendant is otherwise eligible for a sentencing alternative. In a declaration submitted with the brief, defense counsel averred that he had attended court sessions where prosecutors removed enhancements on drug delivery cases involving methamphetamine so that the defendant might qualify for a

2

residential DOSA. The State of Washington responded by arguing that Yancey lacked

eligibility for the sentencing alternative because the mid-point of Yancey's standard

range exceeded twenty-four months. The trial court granted Yancey's request for the

residential DOSA.

## LAW AND ANALYSIS

## DOSA Sentence

The State of Washington appeals James Yancey's residential DOSA sentence.

RCW 9.94A.660, a section of the historic Sentencing Reform Act of 1981, chapter 9.94A

RCW, allows alternative sentences for drug offenders. *State v. Grayson*, 154 Wn.2d 333,

337, 111 P.3d 1183 (2005). The statute reads, in part:

> (1) An offender *is eligible* for the special drug offender sentencing alternative if:
> (a) The offender is convicted of a felony that is not a violent offense or sex offense and the violation does not involve a sentence enhancement under RCW 9.94A.533(3) or (4);
> (b) The offender is convicted of a felony that is not a felony driving while under the influence of intoxicating liquor or any drug under RCW 46.61.502(6) or felony physical control of a vehicle while under the influence of intoxicating liquor or any drug under RCW 46.61.504(6);
> (c) The offender has no current or prior convictions for a sex offense at any time or violent offense within ten years before conviction of the current offense, in this state, another state, or the United States;
> (d) For a violation of the Uniform Controlled Substances Act under chapter 69.50 RCW or a criminal solicitation to commit such a violation under chapter 9A.28 RCW, the offense involved only a small quantity of the particular controlled substance as determined by the judge upon consideration of such factors as the weight, purity, packaging, sale price, and street value of the controlled substance;

3

(e)  The offender has not been found by the United States attorney general to be subject to a deportation detainer or order and does not become subject to a deportation order during the period of the sentence;

(f)  The end of the standard sentence range for the current offense is greater than one year; and

(g)  The offender has not received a drug offender sentencing alternative more than once in the prior ten years before the current offense.

(2)  A motion for a special drug offender sentencing alternative may be made by the court, the offender, or the state.

(3) *If the sentencing court determines that the offender is eligible for an alternative sentence under this section and that the alternative sentence is appropriate*, *the court shall waive imposition of a sentence within the standard sentence range and impose a sentence consisting of either* a prison-based alternative under RCW 9.94A.662 *or a residential chemical dependency treatment-based alternative under RCW 9.94A.664.  The residential chemical dependency treatment-based alternative is only available if the midpoint of the standard range is twenty-four months or less.*

RCW 9.94A.660 (emphasis added).

RCW 9.94A.660, known as DOSA, provides meaningful treatment and rehabilitation incentives for those convicted of drug crimes, when the trial judge concludes that the sentence would serve the best interests of the individual and the community.  *State v. Grayson*, 154 Wn.2d at 343 (2005); *State v. Waldenberg*, 174 Wn. App. 163, 166 n.2, 301 P.3d 41 (2013).  It authorizes trial judges to give eligible nonviolent drug offenders a reduced sentence, treatment, and increased supervision in an attempt to help them recover from addictions.  *State v. Grayson*, 154 Wn.2d at 337.  The offender has significant incentive to comply with the conditions of a DOSA sentence,

4

since failure may result in serving the remainder of the sentence in prison. RCW 9.94A.660(2); *State v. Grayson*, 154 Wn.2d at 338.

RCW 9.94A.660 allows the offender to serve the DOSA sentence either in prison or in a residence. Nevertheless, the offender cannot serve his or her time in a residence if the midpoint of the standard range exceeds two years. If we exclude James Yancey's sentence enhancements, the midpoint of his standard range is sixteen months. If we include the sentence enhancements, the midpoint rises to forty months.

The State impliedly concedes that James Yancey qualifies for a DOSA, but not for a residential DOSA. The State, on appeal, contends the trial court lacked authority to grant the residential DOSA because the court must include the sentence enhancements in the calculation of the midpoint. In turn, Yancey argues that the trial court held authority to waive the sentence enhancements in order to impose a residential DOSA.

This court, in *State v. Mohamed*, 187 Wn. App. 630, 350 P.3d 671 (2015), adopted James Yancey's argument. A jury convicted Ali Mohamed of four counts of delivery of a controlled substance. The jury also found the special allegation for three of the counts that the crimes occurred within one thousand feet of a school. Based on the offender score and seriousness level, both parties agreed Mohamed's base standard range for the delivery charges was twenty to sixty months. Both parties also agreed the twenty-four months' school zone enhancement applied to three of the four charges. Mohamed asked the court to ignore a standard sentence and instead sentence him to a DOSA. The State

argued the judge may waive the standard range part of the sentence, but that Mohamed must be sentenced to at least seventy-two months' confinement for the three school zone enhancements. The sentencing court deemed it lacked authority to award a DOSA and sentenced Mohamed to concurrent sentences of twenty months for the delivery charges and seventy-two months for the three enhancements for a total sentence of ninety-two months' confinement.

This court, in *State v. Mohamed*, held that the trial court mistakenly concluded that it lacked authority to waive the school zone enhancement if it chose to impose a DOSA and that the trial court erred when it failed to consider waiving the school zone enhancements to impose a DOSA. We explained that RCW 9.94A.660 permits waiver of a sentence within the standard sentence range. "Because standard sentence range means the base sentence range plus enhancement of such range, *a sentencing court may waive the enhancements as part of the standard sentence range under a DOSA* or [parenting sentencing alternative]." *State v. Mohamed*, 187 Wn. App. at 641 (internal quotation marks omitted) (emphasis added). Despite the fact that Mohamed's midpoint range with the sentence enhancements exceeded twenty-four months, the court remanded the case for resentencing so the trial court could explore a DOSA. We discern no reason to reject the ruling in *State v. Mohamed*.

In James Yancey's appeal, the State relies on *In re Postsentencing Review of Gutierrez*, 146 Wn. App. 151, 188 P.3d 546 (2008) for support on how to accurately

calculate James Yancey's standard and midpoint range. We find this decision unhelpful because our appeal does not ask how to calculate the standard range. *Gutierrez* does not address waiving imposition of the enhancement to return the midpoint range to within the twenty-four months' restriction stated in the statute.

Unfortunately, this reviewing court lacks a transcript of James Yancey's sentencing hearing. Therefore, we do not know if the trial court expressly waived the requirements of the sentence enhancements in order to grant a DOSA. Therefore, we remand to the sentencing court to either confirm or exercise waiver of the enhancements or to resentence Yancey if the court did not intend to waive the enhancements.

## Scrivener Error

Both parties concede the judgment and sentence contains an error as to the seriousness levels for both convictions. James Yancey pled guilty to delivery of a Schedule III non-narcotic controlled substance under RCW 69.50.401(2)(c). Thus, the seriousness level for each count should be a II, not a I as indicated on the judgment and sentence. RCW 9.94A.518. Despite this error, the sentencing court calculated the correct standard range. Yancey asks this court to remand the judgment and sentence to the trial court for correction of this slight mistake. We grant this request.

No. 35216-1-III
*State v. Yancey*

CONCLUSION

We remand this appeal to the sentencing court to determine whether to expressly

waive sentence enhancements in order to impose a DOSA and to correct the seriousness

level of the convictions.

_____
Fearing, J.

I CONCUR:

_____
Pennell, A.C.J.

8

No. 35216-1-III

KORSMO, J. (dissenting) — *State v. Mohamed*, 187 Wn. App. 630, 350 P.3d 671

(2015), misreads the drug offender sentencing alternative (DOSA) statute and should not

be followed. *Mohamed* also conflicts with this court's decision in *State v. Murray*, 128

Wn. App. 718, 725-26, 116 P.3d 1072 (2005) and is inconsistent with other decisions.

The statute's grant of permissive authority to impose a DOSA sentence instead of a

standard range sentence is not a grant of authority to override the legislative eligibility

determination. The sentence imposed by the trial court should be reversed.

Courts have no inherent sentencing authority, but can only exercise the authority

granted by the legislature. *State v. Pillatos*, 159 Wn.2d 459, 469, 150 P.3d 1130 (2007)

(no inherent authority for courts to adopt sentencing procedure necessary to comply with

United States Supreme Court mandate); *State v. Ammons*, 105 Wn.2d 175, 180, 713 P.2d

719, 718 P.2d 796 (1986) (legislature has plenary authority over setting punishments);

*State v. LePitre*, 54 Wash. 166, 169, 103 P. 27 (1909) (similar).

Under our Sentencing Reform Act of 1981, chapter 9.94A RCW, a trial judge is

expected to impose a standard range sentence. RCW 9.94A.505(2)(a)(i). The standard

range sentence is computed by looking at the intersection of the seriousness level of the

offense and the defendant's offender score. RCW 9.94A.510, .517. In cases where a

sentencing enhancement was proved, the enhancement is added to the range specified by the seriousness level, resulting in a new (enhanced) standard range. *Mohammed*, 187 Wn. App. at 638-45; *In re Postsentencing Review of Gutierrez*, 146 Wn. App. 151, 154-55, 188 P.3d 546 (2008).

Exemptions from the requirement that felony offenders be sentenced within a standard range include persistent offenders, many sex offenders, exceptional sentences, and alternative sentences. RCW 9.94A.505(2)(a)(ii)-(xi). The only mechanism for altering a standard range sentence is the authority to declare an exceptional sentence when "substantial and compelling reasons" justify doing so. RCW 9.94A.535. The exceptional sentence authority cannot be used in conjunction with an alternative DOSA sentence. *State v. Onefrey*, 119 Wn.2d 572, 576-77, 835 P.2d 213 (1992); *Murray*, 128 Wn. App. at 726; *State v. Goss*, 56 Wn. App. 541, 544, 784 P.2d 194 (1990). It likewise cannot be used to make someone eligible for an alternative sentence, since the legislature is the body with the power to determine eligibility. *Onefrey*, 119 Wn.2d at 577.

Alternative sentences typically follow the same requirements—the court must determine eligibility for the alternative sentence, determine that the defendant is a fit candidate for the alternative sentence, and determine whether or not to impose the alternative sentence. *E.g.*, RCW 9.94A.650 (first time offenders); RCW 9.94A.655 (custodial parents); RCW 9.94A.660 (drug offenders); RCW 9.94A.670 (sexual

2

offenders). The decision to impose an alternative sentence typically is reviewed for abuse of discretion. *E.g.*, *Onefrey*, 119 Wn.2d at 575.

The DOSA sentence alternative follows this pattern. First, the trial court determines whether the statutory eligibility factors (sentence length, type of crime) are present and that disqualifying factors (previous serious offenses, prior DOSA sentences) are not present. RCW 9.94A.660(1). Upon motion, the court then considers the offender's fitness for the alternative sentence. RCW 9.94A.660(2), (4), (5)(a). The court then determines whether to impose the alternative sentence. RCW 9.94A.660(3). Whether the DOSA will be served in prison or the community is determined by the midpoint of the offender's standard range. *Id.* (last sentence). A midpoint of 24 months or less is served locally in residential treatment. RCW 9.94A.664. A midpoint of greater than 24 months dictates that the sentence is served in prison. RCW 9.94A.662. This approach parallels the jail-prison dichotomy in standard range sentences. Terms of greater than 12 months are served in prison, while terms less than that are served locally. RCW 9.94A.190(1).

Here, the trial court followed the statutory commands to a point, but then faltered. It determined that Mr. Yancey's current offense was eligible for DOSA and had a sufficiently long standard range to qualify for treatment. The court determined that Mr. Yancey's prior offenses and immigration status did not disqualify him from consideration. Thus, the court correctly determined Mr. Yancey was eligible for a DOSA

3

sentence. RCW 9.94A.660(1). The court then determined Mr. Yancey would be an appropriate person for treatment under DOSA. RCW 9.94A.660(4), (5). The court then exercised its discretion to impose a DOSA sentence. RCW 9.94A.660(3).

So far, so good. However, the court then failed to follow the statute when it chose to ignore the legislative determination that offenders with long standard range terms, such as Mr. Yancey's, must serve their sentences in prison instead of in the local community: "The residential chemical dependency treatment-based alternative *is only available* if the midpoint of the standard range is twenty-four months or less." RCW 9.94A.660(3). At this point the court apparently turned to *Mohamed*.

The problem in *Mohamed* concerned the interplay of the DOSA statute and the stacking of enhancements required by RCW 9.94A.533(6).[1] *Mohamed* involved four sentences, three of which were partly concurrent and partly consecutive due to the stacking of enhancements. 187 Wn. App. at 633-34. Application of an alternative sentence such as DOSA in this context is problematic because eligibility for alternative sentences typically is concerned primarily with the standard range for a particular offense, while the total sentence range for all charges is dependent on other statutes governing the

---

[1] Both the history and purpose of this provision were discussed in detail by *Mohamed*, 187 Wn. App. at 642-43, and *Gutierrez*, 146 Wn. App. at 155-57.

4

ordering and enhancement.[2] No statutory instruction has been given for how, or even

whether,[3] consecutive sentencing impacts a decision to impose an alternative sentence.

Instead, and without any discussion of legislative purpose, the *Mohamed* court

found in the first sentence of RCW 9.94A.660(3) an ability to alter the standard range in

order to make an offender fit within a residential DOSA rather than a prison DOSA. In

my opinion, this was error. The statute read:

> If the sentencing court determines that the offender is eligible for an
> alternative sentence under this section and that the alternative sentence is
> appropriate, **the court shall waive imposition of a sentence within the
> standard sentence range** and impose a sentence consisting of either a
> prison-based alternative under RCW 9.94A.662 or a residential chemical
> dependency treatment-based alternative under RCW 9.94A.664. The
> residential chemical dependency treatment-based alternative is only
> available if the midpoint of the standard range is twenty-four months or less.

RCW 9.94A.660(3), with emphasis supplied by *Mohamed*, 187 Wn. App. at 637-38.

Using this authority, the trial judge here altered the standard range in order to make Mr.

Yancey fit in a local treatment program instead of the state prison program.

---

[2] When it addressed the issue in *Gutierrez*, this court faced only a single count
and, therefore, had a fairly straightforward issue in computing a single standard range.
146 Wn. App. at 153-57. Understandably, the State correctly argues *Gutierrez* as the
more appropriate case to apply here rather than *Mohamed*.

[3] Without briefing on legislative history, I would not want to express a firm
opinion on the topic, but it appears that a strong argument can be made that an alternative
sentence is not concerned with the order in which standard range sentences are to be
served. The trial court's choice to select an alternative sentence arguably renders the
ordering of standard range sentences irrelevant.

The error is three-fold. First, nothing in the emphasized language above conveys authority to alter a standard range sentence. Instead, it is the standard language used by the legislature in conveying the authority to trial judges to choose an alternative sentence in lieu of a standard range sentence. *See, e.g.,* RCW 9.94A.650(2) (first offenders: "may waive the imposition of a sentence within the standard sentence range"); RCW 9.94A.655(4) (parenting alternative: "shall waive imposition of a sentence within the standard sentence range").[4]

Second, the interpretation of the emphasized language is inconsistent with both parts of the remainder of the statute. The initial clause of the first sentence recognizes the trial court's role in finding the offender eligible and fit for an alternative sentence under the preceding provisions of the statute; it is incongruous and inconsistent to then read the next clause as empowering the trial judge to ignore and alter the standards governing the eligibility decision. It also is inconsistent to interpret the emphasized language as *Mohamed* did because the remainder of the statute expressly tells the court how to apply its decision to invoke the alternative sentence—it shall choose a local or a prison DOSA based on the length of the midpoint of the standard range sentence. It does not say "standard range as altered by the trial court" or otherwise suggest that the legislative

---

[4] For special sexual offenders sentenced under RCW 9.94A.670(4), the language is a bit different, directing that the court "shall then impose" a sentence and granting permissive authority to suspend some of the sentences.

6

directive is somehow limited by a discretionary choice of the judge to alter the eligibility standards.

Finally, the *Mohamed* interpretation is erroneous because it reads in an exceptional sentence authority that is inappropriate. First, our courts have long made clear that the exceptional sentence authority applies only to standard range sentences and does not apply to alternative sentences. *Onefrey*, 119 Wn.2d 572; *Murray*, 128 Wn. App. 718; *Goss*, 56 Wn. App. 541. If the legislature was breaking with its longstanding approach, it did so in an oblique manner and in a strange location. Second, allowing the trial judge to change its eligibility criteria also would be a significant change for the legislature that has consistently exercised its power to define crimes and punishments rather than delegate that authority to the court. Third, if it intended to allow trial judges to change the eligibility criteria, the legislature likely would have placed that authority in the eligibility subsection in order to expressly acknowledge the possibility. It also could have greatly simplified the language of the eligibility section, RCW 9.94A.660(1), if it intended its criteria to be advisory rather than mandatory. Fourth, where the legislature has granted courts power to alter the standard range by declaring an exceptional sentence, it has expressly limited that authority to cases where compelling reasons exist. The DOSA statute, as interpreted by *Mohamed*, sets forth no criteria on which its exceptional sentence authority is to be exercised.

7

For all of those reasons, the interpretation given by *Mohamed* should be rejected. The governing case here is actually *Murray*. There, this court overturned a similar effort by a trial judge to use the exceptional sentence authority to change the midpoint on which a DOSA sentence was based. 128 Wn. App. at 721-22. This court expressly rejected the effort, noting that an exceptional sentence was not available when imposing an alternative DOSA sentence. *Id.* at 725-26. Such "hybrid" sentences simply were not authorized. *Id.*

Although it is distinguishable in the context of a single conviction, *Mohamed* also was wrongly decided and should not be followed. The majority's decision effectively, although silently, overrules *Murray*.

The decision of the trial court should be reversed and the matter remanded for the trial court to consider either a prison-based DOSA or a standard range sentence. Thus, I respectfully dissent.

Korsmo, J.

8