[No. 23166-2-II.   Division Two.   October 15, 1999.]

THE STATE OF WASHINGTON, *Respondent,* v. RONALD DUANE JOHNSON, JR., *Appellant.*

*Leonard W. Copeland*, for appellant (appointed counsel for appeal).

*James J. Stonier, Prosecuting Attorney*, and *Edwin Nick Norton, Deputy*, for respondent.

BRIDGEWATER, C.J. — Ronald Duane Johnson, Jr., who pleaded guilty in Cowlitz County Superior Court to two bad check charges, appeals certain conditions that were attached to his first-time offender sentence. We affirm.

The trial court sentenced Johnson as a first-time offender under RCW 9.94A.120(5). That statute permits the sentencing court to:

[W]aive the imposition of a sentence within the sentence range [Johnson's range was 0 to 90 days] and impose a sentence which may include up to ninety days of confinement in a facility operated or utilized under contract by the county . . . . The sentence may also include up to two years of community supervision, which, in addition to crime-related prohibitions, may include requirements that the offender perform any one or more of the following:

(a) Devote time to a specific employment or occupation;

(b) Undergo available outpatient treatment for up to two years, or inpatient treatment not to exceed the standard range of confinement for that offense;

(c) Pursue a prescribed, secular course of study or vocational training;

(d) Remain within prescribed geographical boundaries . . . ;

(e) Report as directed to the court and a community corrections officer; or

(f) Pay all court-ordered legal financial obligations as provided in RCW 9.94A.030 and/or perform community service work.

The trial court sentenced Johnson to: 75 days in jail, with 30 days converted to 240 hours of community service under supervision of the Department of Corrections; 24 months of community supervision, including outpatient treatment for as long as two years or inpatient treatment not to exceed the standard range; and an evaluation and successful completion of treatment for substance abuse under supervision of a community corrections officer. The evaluation was to occur within 30 days and Johnson was to submit to "random UA & BA." Johnson was also ordered not to open a checking account without court approval.

The presentence report did not identify any drug or alcohol abuse by Johnson, and he had tested negative for drug use before sentencing. Johnson's lawyer denied that the bad checks were related to consumption of drugs or alcohol. Because there was no evidence of drug or alcohol

abuse by Johnson, he objects on appeal to the community supervision requirements for evaluation, treatment and random UA/BA. He contends that there is no reasonable relationship between his crimes and these requirements, and that they should be stricken.[1]

■ As a preliminary matter, we hold that Johnson qualifies as a first-time offender: His conviction was not for a violent offense, a sex offense, or a drug offense, and he had no prior record of felony conviction or deferred felony prosecution. RCW 9.94A.030(23). That his current convictions were for two felonies did not preclude a first-time offender sentence. *State v. Welty*, 44 Wn. App. 281, 284, 726 P.2d 472, *review denied*, 107 Wn.2d 1002 (1986). The trial court has broad discretion in sentencing a defendant under the first-time offender option, *Id.* at 283-84, or in refusing to grant this option, *State v. Boze*, 47 Wn. App. 477, 735 P.2d 696 (1987).

■ Although the record fails to establish that the conditions to which Johnson objects are crime-related, the conditions of a first-time offender's sentence need not be "crime-related" as defined by RCW 9.94A.030(11),[2] but may include provisions requiring participation in rehabilitative programs or affirmative conduct for rehabilitation. *See State v. Parramore*, 53 Wn. App. 527, 529-30, 768 P.2d 530 (1989); *State v. Barclay*, 51 Wn. App. 404, 406, 753 P.2d 1015, *review denied*, 111 Wn.2d 1010 (1988). RCW 9.94A-

---

[1]Although a sentence for a first offender is deemed to be within the standard range and not appealable, *see State v. Smith*, 49 Wn. App. 596, 602, 744 P.2d 1096 (1987), *review denied*, 110 Wn.2d 1007 (1988), *overruled on other grounds by State v. Moavenzadeh*, 135 Wn.2d 359, 956 P.2d 1097 (1998), this prohibition refers to challenges to the length of a standard range sentence and does not prevent an appeal of this type, which involves statutory construction. *State v. Onefrey*, 119 Wn.2d 572, 574 n.1, 835 P.2d 213 (1992); *State v. Akin*, 77 Wn. App. 575, 892 P.2d 774 (1995).

[2]"Crime-related prohibition" is defined by RCW 9.94A.030(12) as

an order of a court prohibiting conduct that directly relates to the circumstances of the crime for which the offender has been convicted, and shall not be construed to mean orders directing an offender affirmatively to participate in rehabilitative programs or to otherwise perform affirmative conduct. However, affirmative acts necessary to monitor compliance with the order of a court may be required by the department.

.030(7) provides that community supervision for first-time offenders "may include crime-related prohibitions *and other conditions* imposed pursuant to RCW 9.94A .120(5)." (Emphasis added.) And RCW 9.94A.120(5) says explicitly that the terms of a first-time offender sentence "may also include up to two years of community supervision, which, *in addition to crime-related prohibitions*, may include [one or more of the conditions (a) through (f), previously quoted above]." (Emphasis added.)

The basis of this appeal is one involving statutory construction; Johnson did not make a constitutional challenge. The condition that Johnson undergo treatment is specifically authorized by RCW 9.94A.120(5)(b). Furthermore, a preliminary evaluation before entering treatment and periodic drug and alcohol testing to monitor progress in treatment would be integral parts of the treatment process. Because the statute specifically authorizes this sentencing provision, it need not be "crime-related."

Johnson argues that *State v. Riles*, 135 Wn.2d 326, 957 P.2d 655 (1998), requires a reasonable relationship between the sentence and the crime in this case. *Riles* held that where a sentence provision (in that case a prohibition on contact with minors) violates the constitutional protection of free speech, there must be a reasonable relationship between the crime and the prohibition. But again, there has been no claim that the provisions in this case violate Johnson's constitutional rights. *Riles* also held that a requirement that the defendant submit to a plethysmograph was permissible so long as it was a part of crime-related treatment. The court reasoned that because the plethysmograph test was not specifically authorized in the statute, it must be crime-related. In this case, treatment is specifically authorized and the statute does not require it to be crime-related. *See* RCW 9.94A.120(5). Thus, *Riles* has no bearing on this case, and Johnson has provided no other citations for his position.

Because RCW 9.94A.120(5)(b) specifically authorized the

condition that the defendant undergo treatment, the trial court was within its discretion in ordering drug treatment as well as an evaluation and random UAs and BAs as a part of that treatment as a part of this first time offender alternative sentence even though such treatment is not related to Johnson's crimes.

Affirmed.

MORGAN and HOUGHTON, JJ., concur.