213 P.3d 627 (2009)
STATE of Washington, Respondent,
v.
Ricardo A. ADAMY, Appellant.
No. 27206-1-III.
Court of Appeals of Washington, Division 3.
August 13, 2009.
*628 Eric J. Nielsen, Jennifer J. Sweigert, Nielsen Broman & Koch PLLC, Seattle, WA, for Appellant.
Carolyn J. Fair, Attorney at Law, Moses Lake, WA, for Respondent.
SCHULTHEIS, C.J.
¶ 1 Ricardo Adamy appeals his judgment and sentence on his conviction for first degree child rape and third degree assault of a child. He argues that the court abused its discretion when it refused to consider a special sex offender sentencing alternative (SSOSA), RCW 9.94A.670, mistakenly believing that it lacked the authority to impose one in light of a federal immigration hold. He also argues that his counsel was ineffective by failing to advise the court that it had discretion to consider a SSOSA. We conclude that the trial court abused its discretion by refusing to consider a SSOSA and counsel was ineffective for failing to call to the sentencing court's attention favorable authority that would authorize a SSOSA. We therefore remand for consideration of a SSOSA.

FACTS
¶ 2 On October 25, 2007, Mr. Adamy was charged with four counts of first degree rape of a child and one count of third degree assault of a child. According to defense counsel, shortly before these charges were filed, Mr. Adamy learned his United States citizenship was in doubt. Although Mr. Adamy always believed he was a United States citizen, his mother had recently told him he was born during a visit to Mexico, and she neglected to fill out the form transmitting her United States citizenship to her son upon her return. He had been in contact with an immigration attorney to resolve this issue when he was arrested.
¶ 3 On January 29, 2008, Mr. Adamy pleaded guilty to one count each of first degree rape of a child and third degree assault of a child. The State dismissed the remaining rape charges and agreed Mr. Adamy could seek a SSOSA if he was, in fact, a citizen and eligible. Sentencing was set for March 11.
¶ 4 Before sentencing, the federal Immigration and Customs Enforcement (ICE) agency had placed a deportation hold on Mr. Adamy. The trial court granted two continuances to give Mr. Adamy an opportunity to resolve his immigration issues.
¶ 5 On April 21, defense counsel moved for and the court granted an order for Mr. Adamy to receive a SSOSA evaluation. In his report, the evaluator recommended a SSOSA. Mr. Adamy also received a presentence investigation. That investigator found that a SSOSA was not available due to the ICE hold.
¶ 6 Approximately three months after the first scheduled sentencing hearing, on June 16, the trial court denied Mr. Adamy's request for a third continuance to confirm his citizenship. The court proceeded to sentencing, repeatedly stating it could not consider a SSOSA due to the deportation order and it was unwilling to continue the case indefinitely until the issue was resolved. Defense counsel and the State agreed.
¶ 7 The sentencing court stated, "I think I actually can't grant SSOSA, if he's subject to a [deportation] order." Report of Proceedings (June 16, 2008) (RP) at 4. The State argued that there were multiple other bases to deny a SSOSA, including the sentiments of the State, parents, and guardian ad litem. The sentencing court responded:
The court is required to ... give considerable weight to the wishes of the victim, but it's not an acid test. What is an acid test is whether or not the defendant is subject to a deportation order. If he is, it doesn't matter what everybody wants about SSOSAI can't impose it.
RP at 6.
¶ 8 The sentencing court continued, "What I can do is look at the case and say, is he or is he not subject to a deportation order? If he is, I can't impose SSOSA." RP at 6-7. The sentencing court stated it would hear a motion to reconsider the sentence if the immigration matter was cleared up, but concluded the court is "prevented from even considering SSOSA" because of the deportation order. RP at 8.
¶ 9 Defense counsel then joined the State in recommending the low end of the standard *629 range. The court sentenced Mr. Adamy to a 102-month minimum term and a maximum of life in prison. This appeal follows.

DISCUSSION
¶ 10 According to the Sentencing Reform Act of 1981(SRA), a criminal "sentence within the standard range ... for an offense shall not be appealed." RCW 9.94A.585(1). A criminal defendant may nonetheless challenge a standard range sentence where he challenges, not the length of the sentence, but rather the trial court's interpretation of the SSOSA statutes. State v. Onefrey, 119 Wash.2d 572, 574 n. 1, 835 P.2d 213 (1992). The challenge here is to the interpretation of the SSOSA statutes.
¶ 11 The trial court's refusal to order treatment under SSOSA is reviewed for an abuse of discretion. Id. at 575, 835 P.2d 213. A trial court abuses its discretion when its decision is manifestly unreasonable or is based upon untenable grounds or reasons. State v. Cunningham, 96 Wash.2d 31, 34, 633 P.2d 886 (1981). A decision is based on untenable grounds or made for untenable reasons if it was reached by applying an incorrect legal standard. State v. Rohrich, 149 Wash.2d 647, 654, 71 P.3d 638 (2003).
¶ 12 Both Mr. Adamy and the State rely on State v. Osman, 157 Wash.2d 474, 139 P.3d 334 (2006). In that case, the court held that a sentencing court, in exercising its discretion to impose a SSOSA sentence, may consider the existence of various risk factors, including the fact the defendant is subject to a deportation hold, although that risk factor is not determinative. Notably, the Osman court further stated that "[t]he SRA does not expressly prohibit imposition of a SSOSA if the defendant is an alien." Id. at 486, 139 P.3d 334.
¶ 13 As set forth above, the record clearly establishes that the trial court believed that it could not grant a SSOSA because Mr. Adamy was subject to a deportation order. By ordering a non-SSOSA sentencing under that erroneous belief, the sentencing court abused its discretion.
¶ 14 The State argues that the sentencing court correctly considered the SSOSA request but denied it based on the impact of the deportation hold. The court's reference to Osman, the State argues, proves that point. The record shows, however, it was a different judge who discussed Osman when granting a continuance in this case, not the sentencing judge.
¶ 15 Mr. Adamy's counsel did not object to the court's rationale, and agreed that a SSOSA sentence could not be ordered. Mr. Adamy claims on appeal that this constitutes ineffective assistance of counsel.
¶ 16 To show ineffective assistance of counsel, Mr. Adamy must show: (1) that defense counsel was deficient and (2) that counsel's deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); State v. McFarland, 127 Wash.2d 322, 334-35, 899 P.2d 1251 (1995). Defense counsel's performance is deficient if there is a reasonable probability that but for counsel's unprofessional errors, the proceeding's results would have been different. McFarland, 127 Wash.2d at 335, 899 P.2d 1251. Counsel's representation is presumed to have been reasonable and all significant decisions by counsel were in the exercise of reasonable professional judgment. Id.
¶ 17 Here, Mr. Adamy's counsel was deficient for failing to recognize and cite the appropriate case law, namely Osman, to the sentencing court to use it to argue for the consideration of a SSOSA. State v. McGill, 112 Wash.App. 95, 101, 47 P.3d 173 (2002). Mr. Adamy has also shown prejudice by identifying in the record where the court indicated that it was unfavorably disposed toward a SSOSA. There is a reasonable probability of a different result had counsel cited Osman to Mr. Adamy's advantage.

CONCLUSION
¶ 18 We conclude that the trial court abused its discretion by erroneously refusing to consider a SSOSA and counsel was ineffective for failing to call to the sentencing court's attention favorable authority that *630 would authorize a SSOSA. We remand for consideration of a SSOSA.
WE CONCUR: KULIK and KORSMO, JJ.