# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 74618-9-I |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| CYNTHIA SUE BARROWS, | ) | |
| | ) | |
| Appellant. | ) | FILED: June 12, 2017 |

TRICKEY, A.C.J. — Cynthia Barrows appeals her judgment and sentence for multiple counts of theft. Although she was a first time offender, the trial court refused to grant her request for a first time offender waiver (FTOW) because of the amount of money she stole. Barrows argues that the trial court's denial of her request amounted to a blanket denial of FTOWs for a class of offenders who would otherwise be statutorily eligible. Because the record shows that the trial court meaningfully considered Barrows' request before exercising its discretion to refuse it, we affirm.

## FACTS

Cynthia Barrows worked for Lyfebank, a company that helps employers set up health care expense accounts for their employees. Generally, employees submit their medical claims to Lyfebank. Once the expenses are approved, the company transfers the funds from the employees' Lyfebank accounts to the employees' personal accounts.

Barrows made false medical expense claims against client accounts, and had the funds reimbursed to her personal accounts instead of to the clients'

accounts. Over the course of a few years, Barrows stole from 80 different people, making 93 transfers to her own account. She opened several accounts for the sole purpose of depositing the stolen money. In total, she stole over $230,000.

Barrows pleaded guilty to eight counts of theft in the first degree and three counts of theft in the second degree. Barrows had no prior criminal history.

At sentencing, she requested a FTOW. The State opposed the FTOW. The court denied Barrows' request and imposed a standard range sentence for each count. The court imposed 45 months of confinement for each count of first degree theft and 29 months of confinement for each count of second degree theft, to run concurrently.

Barrows appeals the trial court's denial of her request for a FTOW.

ANALYSIS

First Time Offender Waiver

Barrows argues that the trial court abused its discretion because it categorically refused to consider FTOWs for defendants whose crimes involved significant thefts. Because the record is clear that the trial court meaningfully considered whether to grant Barrows' request for a FTOW, we disagree.

Generally, offenders may not appeal sentences within the standard range for their offenses. RCW 9.94A.585(1). But "an offender may always challenge the procedure by which a sentence was imposed." State v. Grayson, 154 Wn.2d 333, 338, 111 P.3d 1183 (2005). "[W]here a defendant has requested a sentencing alternative authorized by statute, the categorical refusal to consider the sentence, or the refusal to consider it for a class of offenders, is effectively a failure to

exercise discretion and is subject to reversal." Grayson, 154 Wn.2d at 342.

FTOWs are a type of sentencing alternative. The trial court may waive the imposition of a standard range sentence for offenders who have never been convicted of a felony and whose current conviction is not for a violent or sexual offense, driving under the influence, or a crime related to drug dealing. RCW 9.94A.650(1), (2). Instead, the trial court imposes up to 90 days of confinement and up to six months of community custody. RCW 9.94A.650(2), (3).

The trial court has broad discretion in deciding whether to grant an offender's request for a FTOW. State v. Johnson, 97 Wn. App. 679, 682, 988 P.2d 460 (1999). The court abuses its discretion if "its decision is manifestly unreasonable or is based upon untenable grounds or reasons." State v. Adamy, 151 Wn. App. 583, 587, 213 P.3d 627 (2009).

Here, Barrows received a standard range sentence after requesting a FTOW. The State strongly opposed the FTOW and made several arguments against granting Barrows' request. The State pointed out that there had been similar cases recently in which the court sentenced the defendant to 36 months and 30 months. The State contended that it would be inappropriate to give someone who stole close to a quarter of a million dollars "a slap on the wrist."[1]

Barrows argued that she was an ideal candidate for a FTOW, despite the "very high" amount of money she stole, because she pleaded guilty instead of making all her victims come to court and testify and, if the court kept her in the community, she could continue to work with her counselor, hold a job, and make

---

[1] Report of Proceedings (RP) (Dec. 16, 2015) at 4.

progress on paying restitution.[2] Barrows addressed the court to express her remorse and echo her counsel's arguments.

The court and the State acknowledged that the court had discretion whether to grant a FTOW. The State argued it was "not appropriate under these facts."[3]

After listening to both sides and Barrows herself, the court announced its decision. The court noted first that it would "probably be better" for Barrows to stay in the community, and that she had a better chance of paying restitution if she stayed in the community.[4] But it also explained that it had "an obligation" to treat the cases that came before it consistently, that Barrows' case involved "a very, very large amount of theft and/or embezzlement," and that it wanted to send a "message to the community" that when people "engage in this kind of conduct over this period of time with this amount of dollars, the consequences are going to be very severe."[5]

Summing up its decision, the court said that if "this were $3,000," it would have "strongly consider[ed] a first offender waiver. But at 2- to $300,000," it could not "in good conscience consider that alternative" at that time.[6]

The trial court's statements indicate that it thought carefully about Barrows' particular situation, weighed the benefits and disadvantages of granting her request, and finally determined that a standard range sentence was more appropriate than a FTOW because of the seriousness of the offense. Its decision

---

[2] RP (Dec. 16, 2015) at 6.
[3] RP (Dec. 16, 2015) at 8.
[4] RP (Dec. 16, 2015) at 11.
[5] RP (Dec. 16, 2015) at 11.
[6] RP (Dec. 16, 2015) at 11.

was clearly an exercise of discretion. The seriousness of the offense is a tenable basis for rejecting Barrows' request. Therefore, the court did not abuse its discretion.

Barrows argues that, by refusing to consider a FTOW for any offender convicted of stealing or embezzling a large amount, the trial court impermissibly determined whether to grant a FTWO based on "an arbitrary line."[7] We reject this argument because Barrows mischaracterizes the trial court's decision and decision-making process. The trial court specifically said that it could not consider the alternative at that time. It did not state or suggest it would never consider a FTOW for any offender who had stolen as much as Barrows.

### Appellate Costs

Barrows also asks that no costs be awarded on appeal. Appellate costs are generally awarded to the substantially prevailing party on review. But, when a trial court makes a finding of indigency, that finding remains throughout review "unless the commissioner or clerk determines by a preponderance of the evidence that the offender's financial circumstances have significantly improved since the last determination of indigency." RAP 14.2.

Here, the trial court found that Barrows was unable to pay the expenses of her appellate review because of poverty or indigency. If the State has evidence indicating that Barrows' financial circumstances have significantly improved since the trial court's determination, it may file a motion for costs with the commissioner.

---

[7] Br. of Appellant at 5.

Affirmed.

_Trickey, ACJ_

WE CONCUR: