

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 37034-8-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT THOMAS LAMBERTON, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J.P.T.[1] — Robert Lamberton appeals from the trial court's decision not to impose a special sexual offender sentencing alternative (SSOSA) sentence following his guilty plea to two counts of first degree incest and one count of second degree incest. We affirm.

FACTS

Mr. Lamberton pleaded guilty on April 1, 2019, to the three counts of incest. The victim was his adopted daughter. A first-time sex offender, Mr. Lamberton accepted a plea agreement: six months of prison and a recommendation for a SSOSA. Sentencing was set for May 20 for the performance of a deviancy evaluation for the SSOSA. The

---

[1] Judge Kevin M. Korsmo was a member of the Court of Appeals at the time argument was held on this matter. He is now serving as a judge pro tempore of the court pursuant to RCW 2.06.150.

first evaluation, which recommended imposing the SSOSA, was completed before the scheduled hearing, but the court continued sentencing in order to obtain a second evaluation. A hearing was scheduled the following week to discuss who would perform the evaluation and who would pay for it.

On May 23, the defendant initially objected to the continuance for a second evaluation, asserting that the 40-day statutory sentencing period had already passed. At the hearing on May 28, the court found Mr. Lamberton indigent and agreed to fund the second examination at public expense. The defendant then withdrew his objection to the continuance rather than proceeding to sentencing that day.

Sentencing occurred August 12, 2019. Despite the second evaluation recommending a SSOSA, the court denied the request and imposed a standard range sentence of 60 months on counts one and two with 54 months on count three to be served consecutively. After the defendant objected to the rejection of the SSOSA, the court went through the statutory factors on the record. A total of 133 days had passed between the guilty plea and sentencing.

Mr. Lamberton timely appealed to this court. A panel considered the appeal without conducting argument.

## ANALYSIS

Mr. Lamberton asserts on appeal that the delay in his sentencing was purposeful and oppressive, violating his constitutional right to a speedy sentencing. He also asserts

that the court abused its discretion in denying his SSOSA over the recommendation of

two evaluators, and violated the appearance of fairness doctrine in doing so. We address

his arguments in the order he presents them.

*Speedy Sentencing*

The appellant first argues that the court violated his constitutional and statutory

rights to a speedy sentencing. Because the delay was not purposeful or oppressive, but

was for good cause, we disagree.

Criminal defendants have a constitutional right to speedy sentencing under the

Sixth Amendment to the United States Constitution and art. I, § 22 of the Washington

Constitution. *State v. Ellis*, 76 Wn. App. 391, 394, 884 P.2d 1360 (1994). This right is

violated if a delay is "purposeful or oppressive." *Pollard v. United States*, 352 U.S. 354,

361, 77 S. Ct. 481, 1 L. Ed. 2d 393 (1957); *State v. Johnson*, 100 Wn.2d 607, 629, 674

P.2d 145 (1983). Whether a delay is purposeful or oppressive is determined by balancing

(1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of

the right, and (4) the extent of prejudice. *Barker v. Wingo*, 407 U.S. 514, 530, 92 S. Ct.

2182, 33 L. Ed. 2d 101 (1972); *Johnson*, 100 Wn.2d at 629. This test, derived from

speedy trial analysis, calls for courts to make the intensity of their scrutiny proportional

to the length of the delay; "the longer the . . . delay, the closer a court should scrutinize

the circumstances surrounding the delay." *State v. Iniguez*, 167 Wn.2d 273, 293, 217

P.3d 768 (2009). Delays of 8 to 12 months seldom present a constitutional question. *Id* at 291-293.

By statute, sentencing must be conducted within 40 days of a conviction, though this time may be extended for good cause. RCW 9.94A.500; CrR 7.1(a)(1). The trial court has broad discretion to determine whether good cause exists. *State v. Alltus*, 10 Wn. App. 2d 193, 200, 447 P.3d 572 (2019). The same factors for determining whether a delay is purposeful or oppressive guide us in determining whether there was good cause for delay. *Ellis*, 76 Wn. App. at 395.

The challenge to the statutory time for sentencing is without merit. The initial sentencing hearing of May 20 was 49 days after the guilty plea. The record does not indicate any objection to the original sentencing date. Mr. Lamberton also withdrew the objection five days later when his choice was to go to immediate sentencing based only on an evaluation that the trial court had found lacking. The entire purpose of the original sentencing date and the continuance was for the defendant's benefit. He understandably waived his statutory right.

Review of the *Wingo* factors shows that the constitutional challenge does not fare any better. The delay in this case was far shorter than previous delays found purposeful and oppressive. *E.g.*, *Ellis*, 76 Wn. App. at 395 (delay of two years was oppressive). Washington courts have also accepted markedly longer delays. *E.g. Johnson*, 100 Wn.2d at 630 (delay of 13 months, "while long and not to be encouraged, was not outrageous").

4

It is doubtful that the period of time between guilty plea and sentencing even implicates the constitutional right to speedy sentencing. Assuming that the delay was sufficiently long to even permit review of this issue, the first factor does not favor the claim.

Likewise, the second *Wingo* factor, the defendant's assertion of his right, does not aid Mr. Lamberton. While he initially objected to a delay for a second evaluation, he consented once it was clear the burden of paying for a second assessment would not fall to him. Also, when given the option to proceed directly to sentencing on May 28, the defendant opted to agree to the continuance for the second opinion. This factor, too, does not suggest that a constitutional violation occurred.

The final factors are the reason for the delay and any prejudice to the defendant. The delay allowed the court to gather more information before a decision. The hearings held between his change of plea and sentencing demonstrate that the court was not seeking to avoid an outcome or punish the defendant. Again, when the court offered to sentence him earlier, the defendant surmised sentencing before a second evaluation would not benefit him. The delay was for good cause and the defendant was not prejudiced. Neither of these factors suggest error.

In sum, none of the four factors balance in the defendant's favor. The court did not violate the defendant's right to speedy sentencing.

*Discretion To Impose SSOSA*

The decision whether to impose a SSOSA is reviewed for abuse of discretion. *State v. Adamy*, 151 Wn. App. 583, 587, 213 P.3d 627 (2009). An abuse of discretion occurs when a decision is manifestly unreasonable or based on untenable grounds. *Id.* A decision is made on untenable grounds if the court applies the wrong legal standard. *Id.* A court also abuses its discretion in sentencing if it categorically refuses a particular sentence. *State v. Osman*, 157 Wn.2d 474, 482, 139 P.3d 334 (2006). It is also impermissible to deny a sentencing alternative on the basis of race, sex, or religion. *Id* at 482 n.8.

RCW 9.94A.670(4) calls for courts to consider six factors when considering a SSOSA: (1) whether the community will benefit, (2) whether the alternative is too lenient in light of the offense, (3) whether there are additional victims outside this particular offense, (4) the offender's amenability to treatment, (5) the offender's future risk, and (6) the victim's opinion. The statute directs the court to give great weight to the victim's opinion in particular, and enter written findings if it grants a SSOSA over the victim's objection. RCW 9.94A.670(4).

The court in this case considered all six of these factors, walking through each factor on the record. The court was particularly concerned about leniency in light of the circumstances—the victim being an adopted child—and whether Lamberton might reoffend in light of some of his equivocal answers to the evaluators' questions. The court

expressed concern that the victim's primary wish was not actually to grant a lenient alternative sentence, but, rather, to avoid further traumatic court proceedings. The court also laid out additional facts weighing against amenability to treatment: the defendant was highly educated, had engaged in long-term manipulation, and continued to place some amount of blame on the victim.

The trial court did not hastily or categorically refuse to consider the SSOSA. It went to great lengths to gather all of the information it could. It reviewed each statutory factor on the record, discussing the facts that went with each factor. There also is no evidence that the court rejected the SSOSA on an impermissible basis such as race, sex, or religion. The court was not bound to accept the opinion of an evaluator and was not strictly bound by the victim's agreement with a SSOSA. The court stayed well within its discretion in denying the SSOSA.

*Appearance of fairness*

Lastly, the appellant argues that the trial court sought a second evaluation merely to bolster preconceived notions of the defendant and his fitness for a SSOSA, thus violating the appearance of fairness doctrine. Because there was no motion for recusal at trial and this issue is raised only on appeal, we disagree.

Under the appearance of fairness doctrine, appellate courts ask whether a reasonably prudent, disinterested observer would conclude the proceeding was fair, impartial, and neutral. *State v. Solis-Diaz*, 187 Wn.2d 535, 540, 387 P.3d 703 (2017). It is an objective

7

test that assumes the observer understands all relevant facts. *Id*. The party asserting a violation has the burden of showing either actual or potential bias. *Id*. The appearance of fairness doctrine is not a constitutional claim, and generally cannot be raised for the first time on appeal. *State v. Blizzard*, 195 Wn. App. 717, 725, 381 P.3d 1241 (2016).

Here the appellant did not request recusal or preserve an objection against the court's fairness. But even if the appellant had done so, the record does not reflect the predetermination the appellant suggests. The trial court did not reveal any inclination to grant or deny a SSOSA before requesting the second evaluation. Rather, the trial court outlined its concern with specific parts of the first evaluation and why they led him to order a second evaluation. The court was not bound to accept the plea agreement or the recommendations of the evaluators. Mere disagreement does not reveal prejudice or a lack of impartiality.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, J.P.T.

WE CONCUR:

_____          _____
Fearing, J.                                                          Pennell, C.J.

8