**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

STATE OF WASHINGTON,

                Respondent,

      v.

JOSE RICO COLON,

                Appellant.

No. 85043-1-I

DIVISION ONE

UNPUBLISHED OPINION

MANN, J. — Jose Colon appeals his sentence for felony violation of a no-contact order. Colon argues that the sentencing court failed to follow the statutory procedure in denying his request for a mental health sentencing alternative (MHSA). We reverse and remand for consideration of Colon's request for a MHSA within the framework required by the statute.

I.

On April 14, 2021, Colon was arrested outside the apartment of his ex-wife and children. At the time, two no-contact orders were active and valid preventing Colon from contacting his ex-wife or coming within 1,000 feet of her home. Colon had recently been released from custody after serving a sentence for a prior no-contact order

violation. Colon was also under the conditions of a drug offender sentencing alternative (DOSA).

The State charged Colon with felony violation of a no-contact order based on two prior convictions for violating an order. The State further alleged that Colon committed the crime against an intimate partner, making it a crime of domestic violence. A jury found Colon guilty as charged.

Colon had an extensive history of domestic violence toward the victim—including three previous violations of no-contact orders, three harassment convictions, and one assault conviction. As a result, the State requested a sentence within the standard range, 60 months. Colon requested a MHSA or, in the alternative, an exceptional sentence downward of 45 months.

The Department of Corrections (DOC) prepared a presentence investigation of Colon. The report showed that Colon had been diagnosed with complex posttraumatic stress disorder and borderline personality disorder. The victim told the DOC investigator that she did not believe a MHSA was appropriate for Colon because "he would only comply with programming when mandated by the court and would not genuinely accept responsibility for his behaviors." The report concluded that Colon "has not been successful on community supervision for other sentencing alternatives and would require a very substantial change from his past demonstrated behavior for him to succeed on this sentencing alternative." DOC recommended a sentence within the standard range but gave additional recommendations if Colon were sentenced to a MHSA.

The sentencing court acknowledged that Colon was technically eligible for a MHSA. But the court denied Colon's requests for a MHSA or an exceptional sentence downward.[1] The court imposed the standard range sentence of 60 months.

Colon appeals.

II.

Colon argues that the sentencing court failed to meaningfully consider his request to be sentenced under the MHSA and rejected it based on a misinterpretation of the law. We agree.

Generally, a sentence within the standard range may not be appealed. RCW 9.94A.585(1). But "this rule does not preclude a defendant from challenging on appeal the underlying legal determinations by which the sentencing court reaches its decision." State v. McFarland, 189 Wn.2d 47, 56, 399 P.3d 1106 (2017). "[W]here a defendant has requested a sentencing alternative authorized by statute, the categorical refusal to consider the sentence, or the refusal to consider it for a class of offenders, is effectively a failure to exercise discretion and is subject to reversal." State v. Grayson, 154 Wn.2d 333, 342, 111 P.3d 1183 (2005).

When a sentencing court is asked to make a discretionary sentencing decision, the court must meaningfully consider the request in accordance with the applicable law. Grayson, 154 Wn.2d at 342. A sentencing court errs when "it refuses categorically to impose an exceptional sentence below the standard range under any circumstances" or when it operates under the "mistaken belief that it did not have the discretion to impose

---

[1] Colon has not appealed the sentencing court's denial of an exceptional sentence downward.

a mitigated exceptional sentence for which [a defendant] may have been eligible." State v. Garcia-Martinez, 88 Wn. App. 322, 330, 944 P.2d 1104 (1997); In re Pers. Restraint of Mulholland, 161 Wn.2d 322, 333, 166 P.3d 677 (2007).

Under RCW 9.94A.695(1), a defendant is eligible for a MHSA if:

(a) The defendant is convicted of a felony that is not a serious violent offense or sex offense;

(b) The defendant is diagnosed with a serious mental illness recognized by the diagnostic manual in use by mental health professionals at the time of sentencing;

(c) The defendant and the community would benefit from supervision and treatment, as determined by the judge; and

(d) The defendant is willing to participate in the sentencing alternative.

The decision of whether to grant a MHSA request is within the sentencing court's discretion:

After consideration of all available information and determining whether the defendant is eligible, the court shall consider whether the defendant and the community will benefit from the use of this sentencing alternative. The court shall consider the victim's opinion whether the defendant should receive a sentence under this section. If the sentencing court determines that a sentence under this section is appropriate, the court shall waive imposition of the sentence within the standard range.

RCW 9.94A.695(4).

A sentencing court abuses its discretion if it applies an incorrect legal standard. State v. Adamy, 151 Wn. App. 583, 587, 213 P.3d 627 (2009). When declining to sentence Colon to a MHSA, the sentencing court explained:

Both of the alternatives that you are requesting, Mr. Colon, imposes a requirement on me to make an exceptional sentence. The mental health sentence alternative would be an exceptional sentence and a concurrent with your current sentence out of Pierce County would also require me to

> make findings that an exceptional sentence is appropriate. That too would
> be an exceptional downward.

The sentencing court ruled:

> I cannot in reviewing all of the evidence that was presented at trial and the
> memoranda that is presented to me today find that exceptional
> circumstances exist such that I could grant either the mental health
> sentencing alternative, although you are technically eligible, I cannot make
> the appropriate findings to find that an exceptional sentence downward
> would be appropriate.

The sentencing court erred. A MHSA is not an exceptional sentence. See State
v. Mohamed, 187 Wn. App. 630, 647, 350 P.3d 671 (2015) ("An exceptional sentence is
separate from the alternative sentencing provisions of a DOSA or PSA."). The
sentencing court was not required to make findings that an exceptional sentence
downward was appropriate. Instead, the sentencing court needed to consider the
statutory factors in RCW 9.94A.695(4), including whether the defendant and the
community would benefit from the use of a MHSA.

III.

The State argues that if the sentencing court erred, any error was harmless and
remand for resentencing is unnecessary. We disagree.

Remand for resentencing is often necessary when a sentence stems from a
sentencing court's erroneous interpretation of or belief about the governing law. State
v. McGill, 112 Wn. App. 95, 100, 47 P.3d 173 (2002). But this court need not remand
for resentencing "when the reviewing court is confident that the trial court would impose
the same sentence" without the error. McGill, 112 Wn. App. at 100.

In Grayson, the sentencing court denied Grayson's request for a DOSA "because
of the fact that the State no longer has money available to treat people who go through

-5-

a DOSA program." 154 Wn.2d at 337. On appeal, the Supreme Court emphasized that the sentencing court had articulated no other reason for denying the DOSA. Grayson, 154 Wn.2d at 342. The Court held that the sentencing court abused its discretion even though "there were ample other grounds to find that Grayson was not a good candidate for DOSA." Grayson, 154 Wn.2d at 342.

Similarly, here, while there may be grounds to find that Colon is not a good candidate for a MHSA, the sentencing court failed to articulate them. Instead, the sentencing court said that Colon was "technically eligible" without articulating how Colon and the community would or would not benefit from supervision. We agree with the State that the court was concerned with Colon's conduct, explaining:

> And here as I look at all of the circumstances, the fact that the victim in almost all of your cases is [your ex-wife] . . . the evidence indicated that you were communicating with her in violation of those no-contact orders . . . You were released . . . to Skagit County with restrictions on leaving the county, and yet you came to Thurston County where there was a specific no-contact order which indicated you should not be within a thousand feet of the residence where you were, and your position today is that you maintain your innocence. That's troubling to the court.

But the court failed to address the considerations required under RCW 9.94A.695(4).

The State has not met its burden of showing that the sentencing court followed the statute. Thus, we cannot say that the sentencing court would have imposed the same sentence had it properly considered a MHSA, remand is proper. McGill, 112 Wn. App. at 100-01.

We reverse and remand for consideration of Colon's request for a MHSA within the framework required by the statute.

-6-

Mann, J.

WE CONCUR:

Díaz, J.

Smith, C.J.