IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| THE STATE OF WASHINGTON, | No. 84562-4-I |
| Respondent, | (consolidated with Nos. 84563-2-I, 84564-1-I, 85291-4-I) |
| v. | |
| NATHAN E. WOOD, | UNPUBLISHED OPINION |
| Appellant. | |

BOWMAN, J. — Nathan E. Wood pleaded guilty to 14 felony charges related to several burglaries, which the State charged under three cause numbers. Wood appeals his standard-range sentences, arguing the trial court failed to meaningfully consider his request for a first-time offender waiver. He also asks us to remand for the court to strike the victim penalty assessments (VPAs) and to consider waiving interest on restitution. We affirm Wood's sentences but remand for the trial court to strike the VPAs and to decide whether to impose interest on restitution.

FACTS

Between 2017 and 2020, Wood committed a string of residential burglaries and other property crimes in King County.

In June 2017, Wood and some accomplices broke into a Redmond home, whose owner had been out of town for about 18 months. They stole electronics, artwork, a guitar collection, and other household items. Evidence inside the

home showed that Wood "had been coming and going for quite some time." In October 2019, police found Wood in possession of a motorcycle stolen from a parking garage on the Microsoft campus in Redmond. In February 2020, Wood stole $30,000 in cash, $50,000 in jewelry, financial documents, and a collection of baseball cards from a home on Mercer Island. And in April 2020, Wood and an accomplice broke into a Kirkland home and stole a vehicle, jewelry, fur coats, and personal and financial documents. They disconnected a television and large stereo speakers and set them up "as if they were staging them to return and collect them at a later time." They also broke into another home in Redmond and "spent several hours using a Sawzall" to open a gun safe. They stole 21 firearms, jewelry, a large theatre system, and vehicles from that home.

Under three different cause numbers, the State charged Wood with 23 counts related to the burglaries. In July 2022, Wood pleaded guilty to 14 of those counts.[1] As part of the plea agreement, the State promised not to file several additional felony counts or aggravating factors and not to seek an exceptional sentence upward. It also agreed not to file charges in a separate case under investigation at the time. The State told Wood that it would seek a standard-range sentence, but the parties agreed that Wood could ask for a first-time offender waiver. And Wood agreed to pay restitution in an amount to be determined at a later hearing.

---

[1] Wood pleaded guilty to four counts of residential burglary, one count of trafficking of stolen property in the first degree, one count of possession of a stolen vehicle, one count of attempting to elude a pursuing police vehicle, one count of trafficking in stolen property in the second degree, one count of theft of a motor vehicle, two counts of possessing stolen property in the first degree, two counts of possessing stolen property in the second degree, and one count of theft of a firearm.

At the sentencing hearing in September 2022, the court heard from several victims of Wood's crimes and some of Wood's support system. The State then asked the court to impose a prison term of 89.5 months on the most serious charge, theft of a firearm, which was the middle of the standard range. It asked the court to impose high-end standard-range sentences on each of the other charges, all to "run concurrently with one another." Wood asked for a first-time offender waiver.

The court considered both requests, stating, "I'm here today with the State asking for prison and the Defense asking for the first-time felony offender waiver, so I want to address the first-time felony offender waiver." It then noted that Wood was "technically eligible" for the waiver but declined to impose it because

> I really do not think that the legislature had your crimes in mind or your — how you committed them, how many were committed, the method in which they were committed when the legislature enacted this first-time felony offender waiver. You committed many, many crimes that caused significant harm.

The court imposed concurrent standard-range sentences as recommended by the State. It also ordered Wood to pay restitution under one cause number and the mandatory VPAs in all three cases. The court found Wood indigent and waived all other legal financial obligations (LFOs).

In March 2023, the court held a restitution hearing. At the hearing, the State requested $68,610.55 in restitution. Wood asked the court to impose no more than $45,000.00 in restitution and waive any interest because of his indigency. The court granted the State's restitution request but did not address Wood's request to waive interest on the restitution amount.

Wood appeals.

ANALYSIS

Wood separately appeals the judgment and sentences in all three cause numbers as well as the restitution order.[2]  He argues the court erred in denying his request for a first-time offender waiver and by ordering him to pay the VPAs and interest on restitution.

1.  First-Time Offender Waiver

Wood argues that the trial court abused its discretion by denying his request for a first-time offender waiver.  We disagree.

Trial courts must generally impose sentences within the standard range under the Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW.  *State v. Osman*, 157 Wn.2d 474, 480, 139 P.3d 334 (2006).  But courts "sentencing a first-time offender . . . may waive the imposition of a sentence within the standard sentence range" and instead impose up to 90 days of confinement and up to 6 months of community custody.  RCW 9.94A.650(2), (3).[3]  The trial court has "broad discretion" in granting or denying a first-time offender waiver.  *State v. Johnson*, 97 Wn. App. 679, 682, 988 P.2d 460 (1999).  While no defendant is entitled to a sentencing alternative, "every defendant *is* entitled to ask the trial court to consider such a sentence and to have the alternative actually considered."  *State v. Grayson*, 154 Wn.2d 333, 342, 111 P.3d 1183 (2005).  A

---

[2] We consolidated his appeals on review.

[3] RCW 9.94A.650(1) establishes the crimes that disqualify a first-time offender from the waiver, including some sex and drug crimes.  And RCW 9.94A.650(3) allows for a community custody term of one year or less if it includes treatment.

court abuses its discretion if it categorically refuses to impose a particular sentence or denies a sentencing request on an impermissible basis. *Osman*, 157 Wn.2d at 482.

A defendant cannot usually appeal a standard-range sentence. RCW 9.94A.585(1). But the failure to consider an alternative sentence is reversible error. *Grayson*, 154 Wn.2d at 342. Wood contends that the court did not meaningfully consider his request for an alternative sentence because it "denied the [first-time offender] waiver based on a misunderstanding" that his "crimes were beyond the scope of RCW 9.94A.650." But Wood misconstrues the trial court's comments.

At sentencing, the court recognized that Wood was "asking for the first-time felony offender waiver." And it found that Wood was "technically eligible" for the alternative under the SRA. Still, the court denied Wood's request for the alternative because it did "not think that the legislature had your crimes in mind or . . . how you committed them, how many were committed, [and] the method in which they were committed when [it] enacted this first-time felony offender waiver." And the court noted Wood "committed many, many crimes that caused significant harm." The court later told the parties that it "thought hard about each side's arguments and the impact this has had on the victims, and then reached the . . . sentence that I did."

Contrary to Wood's assertion, the trial court's comments do not show that it rejected his request for a first-time offender waiver "based on a misunderstanding" that his crimes were not eligible under RCW 9.94A.650.

Instead, the comments show that the court understood the law and meaningfully considered Wood's request but exercised its discretion not to impose the alternative because of the number of crimes Wood committed and the significant harm he caused. This was not an abuse of discretion.

2. LFOs

Wood argues that "recent changes in the law require remand for the trial court to strike the VPA[s] and consider whether to impose interest on the restitution award." The State agrees that we should remand for the trial court to strike the VPAs but objects to the court considering interest on restitution.

A. VPAs

We accept the State's concession with respect to the VPAs. The $500 VPA was a mandatory LFO when the court sentenced Wood in 2022. RCW 7.68.035(1). But while Wood's appeals were pending, the legislature amended the VPA statute to prohibit sentencing courts from imposing the VPA on indigent defendants. RCW 7.68.035(4) (LAWS OF 2023, ch. 449, § 1). And that prohibition applies prospectively to cases pending on appeal when the legislature amends an LFO statute. *State v. Ellis*, 27 Wn. App. 2d 1, 16, 530 P.3d 1048 (2023); *see State v. Ramirez*, 191 Wn.2d 732, 748-49, 426 P.3d 714 (2018).

The parties agree that the court found Wood indigent at sentencing and that the legislature amended the VPA statute while Wood's appeals were pending. As a result, we remand to strike the VPAs. *See Ramirez*, 191 Wn.2d at 750 (remanding for the trial court to strike the improperly imposed LFOs from the judgment and sentence).

6

B.  Restitution Interest

We agree with Wood that it is appropriate to remand for the trial court to consider whether to impose interest on the restitution award.

While Wood's appeal of the restitution order was pending, the legislature amended RCW 10.82.090, authorizing the superior court to elect not to impose interest on any court-ordered restitution based on factors such as indigency. LAWS OF 2022, ch. 260, § 12; RCW 10.82.090(2).  Relying on *Ramirez*, Division Two of our court determined that this amendment applies to cases on direct appeal at the time it came into effect.  *Ellis*, 27 Wn. App. 2d at 16 (citing *Ramirez*, 191 Wn.2d at 748-49).

The State contends that we should not follow *Ellis* because that court "drew its conclusion without analysis, giving the issue short shrift by merely citing to *Ramirez* conclusively."  According to the State, this is problematic because "[r]estitution and interest on restitution are not costs that fall within the holding of *Ramirez*."

We rejected that same argument in *State v. Reed*, ___ Wn. App. 2d ___, 538 P.3d 946, 947 (2023).  In that case, the defendant asked us to remand for the superior court to consider waiving interest on restitution based on the amendment to RCW 10.82.090.  *Reed*, 538 P.3d at 947.  The State objected, arguing that "we should not follow *Ellis* because the court there purportedly misapplied [*Ramirez*]," which involved "costs," and interest on restitution is not a cost.  *Id.*  We disagreed with the State and concluded that "restitution interest is analogous to costs for purposes of applying the rule that new statutory mandates

7

apply in cases . . . that are on direct appeal" because "[l]ike the costs imposed in *Ramirez*, restitution interest is a financial obligation imposed on a criminal defendant as a result of a conviction." *Id.* Accordingly, we remanded for the superior court to decide whether to impose interest on restitution. *Id.*

As in *Reed* and *Ellis*, Wood is indigent, and his case was pending on direct appeal when the amendment to RCW 10.82.090 went into effect. Accordingly, it is proper on remand for the trial court to consider whether to impose interest on the restitution award.[4]

We affirm the court's imposition of the standard-range sentences. But we remand for the trial court to strike the VPAs and to consider whether to impose interest on restitution.

Brennan, J

WE CONCUR:

Díaz, J.

Mann, J.

---

[4] On February 20, 2024, Wood moved to supplement the record on review with a restitution order dated January 13, 2023. We deny his motion. But on remand, the parties may also address interest on the January 2023 restitution order.